**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re:

                Chapter 12
Jeffrey Earl Johnson           BKY # 18-60590

    Debtor.

**CHAPTER 12 PLAN OF REORGANIZATION**
**DATED NOVEMBER 27, 2018**

## ARTICLE I: Summary of the Plan

This plan shall continue for a period of five years from its effective date. The property of the debtor is being valued, and the claim of each secured creditor is being treated as secured in the amount of the value of the property securing such claim. Costs of administration are being paid on the effective date of the plan unless otherwise agreed to or directed by the Court. Priority claims are being paid in full as allowed. The debtor will pay the Trustee no less than all disposable income, as that term is defined in 11 U.S.C. Section 1225, for Trustee administration and distribution to unsecured creditors. The deficiency claims of all secured creditors will be treated as unsecured claims unless otherwise ordered by the Court.

## ARTICLE II: Definitions

1. "Creditors" means all entities having a claim against the debtor.
2. "Secured Creditor" means a creditor with a lien or security interest in property of the debtor.
3. "Claim" means a timely filed claim which has been allowed by the Court or a secured claim which is dealt with in the plan whether or not a claim is filed.
4. "Effective Date" means the date on which the Order of Confirmation becomes final.
5. "Trustee" means the Chapter 12 Trustee.
6. "Disposable Income" means all income received by the debtor annually after deducting operating expenses, living expenses and plan payments.

## ARTICLE III: Liquidation Test

The debtor's calculates that the amount which would be available for distribution to creditors in a chapter 7 bankruptcy would be net equity in his property, after deducting the amounts of the secured claims and exemptions, is $14,672.68. General and priority unsecured creditors (but not including attorney's fees) will receive no less than $15,000.00 over the life of the Plan. The debtor' liquidation analysis is attached to this plan as Exhibit A.

### ARTICLE IV: Disposable Income

The debtor's projection of gross income, operating expenses, salary expenses and plan payments indicate that he may have disposable income annually in the amount of $2,946.37. For the term of this plan, all of the debtor's disposable income, regardless of the amount, will be paid to the Trustee for payment of cost of administration and distribution to unsecured creditors.  All disposable income (future earnings not necessary for the continuation, preservation and operation of the farm and for payment of wages) for five years following the effective date, shall be submitted to the Trustee for distribution. All creditors with Class 4 – General Unsecured Claims shall be paid a pro rata share of disposable income after administrative and priority claims have been paid.

In addition to the disposable income, if the debtor realizes any net proceeds from the claims against third parties and the class action claims which existed at the date of filing of the petition for relief, said net proceeds shall be paid over to the trustee.

The amount paid to the trustee for payment to Class 4 claims will be no less than $3,750.00.00 per year, payable on the first anniversary of the effective date and each subsequent annual anniversary for a total of four payments.

### ARTICLE V: Living Expenses

The debtor's projection of living expenses is $24,00.00 annually. The debtor shall limit his annual withdrawals for living expenses to said amount, unless said amount is modified by Court Order. The Court shall retain authority and jurisdiction to modify said allowance upon application of a party in interest.

### ARTICLE VI: Classification and Treatment of Claims

**Class 1**. **Costs of Administration**. This Class includes compensation and expenses of professionals and court costs and all expenses incurred by the debtor after the filing of their petition and before the entry of the order of confirmation and expenses of professionals and court costs, shall be paid in full on the effective date of the plan. Claims for compensation and expenses of professionals and court costs shall be paid upon approval by the Court and as directed by the Court. The Chapter 12 Trustee shall make application to the Court for approval of trustee's fee and for any reasonable and necessary expenses of the Trustee in effectuating the Trustee's duties under the Bankruptcy Code in administering this case. The debtor shall pay an amount equal to five percent (5%) of all payments disbursed by the Chapter 12 Trustee as an estimated payment and the Trustee shall hold the fee until the Trustee's fees and expenses are applied for and approved by the Court. Once the Trustee's fees are approved, the Trustee shall pay them. If there are excess funds in the account at the end of the case, the money shall be paid to the unsecured creditors and any excess after paying the unsecured creditors shall be paid to the debtor, unless otherwise ordered by the Court.  All payments shall be made through the Chapter 12 Trustee unless otherwise stated herein.  Creditors shall only accept direct payments from the debtor if specified in the Plan.

**Class 2:**

**A. Definition of Secured Claims.** Class 2 consists of the following secured claims:

2.1    Currency Capital LLC/Enverto Investment Group, claim number 5 secured by a JD 320U. Amount at the inception of the case: $11,104.50. Secured portion of the claim: $9,025.00.

2.2    Financial Pacific Leasing, Inc., claim number 3 secured by a John Deere front end loader/payloader. Amount at the inception of the case: $27,209.76.

2.3    State Farm Bank, secured by a pickup. Amount at the inception of the case: $40,000.00.

2.4    Unity Bank, secured by the debtor's homestead, cattle and machinery. Amount at the inception of the case: $671,995.63.

**B.  Treatment of secured claims.**

2.1    Currency Capital LLC/Enverto Investment Group; secured by a JD 320U. Amount at the inception of the case: $11,104.50. Secured amount: $9,025.00. The security interest regarding this asset is not perfected. The confirmation of the plan will avoid the security interest of Currency Capital LLC/Enverto Investment Group, and the claim will be treated as a Class 4 claim.

2.2    Financial Pacific Leasing, Inc., secured by a John Deere front end loader/payloader. Amount at the inception of the case: $27,209.76. The secured claim will be paid over five years by making annual payments in the amount of $6,472.88. Payments will include interest at the rate of 5 per annum. Payments will be made on the effective date and each subsequent annual anniversary of the effective date until paid in full.

2.3    State Farm Bank, secured by a pickup. Amount at the inception of the case: $40,000.00. The secured claim will be paid over five years by making monthly payments in the amount of $764.05 ($9,168.60 per year). Payments will include interest at the rate of 5 per annum. Payments will be made on the effective date and on the same day of each month thereafter until paid in full.

2.4    Unity Bank, secured by the debtors homestead, cattle and machinery. Amount at the inception of the case: $671,995.63. The secured claim will be bifurcated into two parts. $532,490.24 will be secured by the debtor's cattle and machinery. The debtor has already paid $30,000.00 from the sale of 75 head of cattle on or about November 12, 2018. The remaining $466,200.00 will be paid as follows: The debtor will pay the bank $200.00 for each animal he sells at full market weight. The debtor anticipates selling 300 animals per year. Payment will be made by the debtor to the bank as he sells animals. If the debtor has not fully paid Unity Bank during the duration of the plan, the debtor will pay the remainder in full on the sixth anniversary of the effective date. Payments will include interest at the rate of 5.5 percent per annum.

The debtor's homestead will remain as collateral for $350,000.00 of the total of $671,995.63. The debtor will pay $12,000.00 per year for application on the mortgages. Payments will include interest at the rate of 5.5% per annum. Payments will be made on the first anniversary of effective date and each subsequent annual anniversary of the effective date until the sixth anniversary of the effective date, at which time any unpaid balance shall be paid in full. The debtor may prepare one or more of the mortgages in whole or in part without penalty. Payments will be allocated between the mortgages as follows:

    13% to mortgage recorded as document 1163127
    30% to mortgage recorded as document 1163128
    57% to mortgage recorded as document 1163129.

Payments on classes 2.2, 2.3 and 2.6 will be made by making payments to the trustee, plus the trustee's commission of 5%. The trustee will distribute the payment to the creditor as soon as administratively convenient. Payment on class 2.4 will be made by the debtor directly to the creditor as the cattle are sold. If the debtor sells an item of machinery, the debtor will use the proceeds to replace the sold item with an item which has the same purpose; if the debtor does not replace the sold item, the debtor will turn the proceeds over to the secured creditor for application on the debt. The secured creditor shall release its lien from the sold item as the items are sold and replaced.

**Class 3: Priority Unsecured Claims.** Class 3 consists of all claims entitled to priority under § 507.

Class 3.1 is the claim of the Internal Revenue Service in the amount of $2,119.05, of which $2,048.58 is a priority claim, claim #1. The priority portion of this claim will be paid over five years by paying the trustee $512.15 per year on the second anniversary of the effective date, and on each subsequent annual anniversary of the effective date four a total of four payments, plus the trustee's commission of 5%.

**Class 4. General Unsecured Claims.** Class 4 consists of general unsecured claims, claims of all unsecured creditors which are as a result of damages arising as a result of the rejection of unexpired leases and/or executory agreements, claims resulting from the value of a secured claim being of a value less than the security held against held claim, and/or those secured creditors whose claims are determined to be unsecured, claims of all accommodation parties and co-makers or loans of which the debtor are the principal, and claims for taxes and penalties which are not included in any other Class. This includes, without limitation, Class 2.1. Payments will be made on the first anniversary of the effective date, and each subsequent annual anniversary thereafter for a total of four payments.

**Class 5. Executory Contracts and Leases**. Class 5 consists of executory contracts and leases existing as of the date of filing. All such executory contracts and leases are rejected unless specifically assumed in this section. The debtor assumes the following executory contracts and leases:

    5.1 Rent of Pasture Land

        5.2 Rent of Pasture Land for $700 a year

**Class 6: Treatment of Certain Post-Petition Government Tax Claims**. Pursuant to 11 U.S.C. § 1232(a), the claims of the IRS and the Minnesota Department of Revenue arising as a result of the sale, transfer, exchange, or other disposition of property used in the Debtor's farming operation shall be treated as unsecured claims arising before the date of filing and are not entitled to priority, i.e., part of Class 4. If the Debtor files a tax return for a period for which such a claim arises, the Debtor shall prepare and serve a notice of the claim on the IRS and the MDR in accordance with 11 U.S.C. § 1232(d)(2) and, to the extent that the IRS, the MDR, the Debtor, or the trustee timely files a proof of claim pursuant 11 U.S.C. § 1232(d)(3), the trustee shall pay the IRS and the MDR as general unsecured creditors

## ARTICLE VII: Execution of Plan and Cash Flow Analysis

The debtor proposes to continue his farming operations and make the plan payments out of farm or other income. The debtor's projections of income, operating expenses, and plan payments are attached as Exhibit B.

## ARTICLE VIII: Retention of Liens and Incorporation of Documents

A creditor whose claim is treated as secured in this plan shall retain its liens on the collateral securing their respective claims as specified in the plan and until such claims are paid in full in the amount allowed as secured. Except as modified by the terms of this plan, all documents evidencing indebtedness and security in favor of said secured creditors remain the same and are incorporated herein by reference as if more fully set out in this plan. This plan and the Order confirming the plan may be recorded in the Office of the County Recorder or Registrar of Titles to evidence the modification of any recorded mortgage.

## ARTICLE IX: General Provisions

1. The Court shall retain jurisdiction over the debtor and its property for the term of the plan.

2. As part of the continuing farm operation, the debtor shall submit operating reports and bank statements on a quarterly monthly basis to the Chapter 12 Trustee. The debtor shall provide the Chapter 12 Trustee copies of tax returns annually once filed.

Signed:

/ s / Jeffrey Earl Johnson
_____
Jeffrey Earl Johnson

attorney for debtor:


 /s/ Sam Calvert
Sam V. Calvert MN ID #1431X
1011 2nd ST N STE 107
St. Cloud MN 56303
320-252-4473

Exhibit A

LIQUIDATION ANALYSIS
JEFFREY E. JOHNSON   CH. 12 18-60590

REAL PROPERTY

| | | |
|---|---:|---:|
| real property value | 350000 | |
| real estate taxes | -870 | |
| Unity Bank mortgage | -139505.39 | |
| net equity | 209624.61 | |
| homestead exemption | 209624.61 | |
| available for creditors | | 0 |

FARM PERSONAL PROPERTY

| | | |
|---|---:|---:|
| Farm machinery | 302450 | |
| Financial Pacific | -27209.76 | |
| Unity Bank | -275240.24 | |
| Cattle | 253750 | |
| Unity Bank | -253750 | |
| Feed | 3500 | |
| Unity Bank | -3500 | |
| pickup | 40000 | |
| State Farm | -40000 | |
| Net equity | 0 | |
| available for creditors | 0 | 0 |

NON FARM PERSONAL PROPERTY

| | | |
|---|---:|---:|
| Household goods & misc. | 5010 | |
| household electronics | 1000 | |
| clothing | 500 | |
| dog | 1 | |
| wages earned | 214 | |
| life insurance | 1 | |
| exemption | -6726 | |
| guns | 2000 | |
| cash on hand | 10 | |
| bank account | 218.31 | |
| ½ Battle Lake LLC | 15000 | |
| dba Johnson Farms | 1 | |
| insurance license | 1 | |
| possible tax refunds | 2 | |
| 3rd party claims | 3 | |
| class acctions | 1 | |
| subtotal | 17236.31 | |
| Ch. 7 trustee comm. | -2473.63 | |
| available for creditors | 14762.68 | 14762.68 |

Exhibit B
Cash Flow Analysis

1 Year – 300 Head Estimated

| | | |
|---|---|---|
| **Buying Price** (500-600 Lbs) | $800 * 300 = | $240,000.00 |
| **Selling Price** (1,000 Lbs) | $1,400 * 300 = | $420,000.00 |
| **Total:** | | $180,000.00 |
| **Farm Expenses** | The following are estimates. | |
| | Feed | $50,000.00 |
| | Repairs | $7,000.00 |
| | Utilities | $1,700.00 |
| | Vet Supplies | $5,500.00 |
| | Pasture Rent | $700.00 |
| **Sub Total:** | | $64,900.00 |
| **Total:** | $180,000 - $64,900 | $115,100.00 |
| **Plan Payments:** | | |
| | Financial Pacific | $6,472.88 |
| | State Farm | $9,168.60 |
| | Unity Bank | $12,000.00 |
| | Unity Bank Estimate | $60,000.00 |
| | Priority Unsecured | $512.15 |
| **Sub Total:** | | $88,153.63 |
| **Total:** | $115,100 - $88,153.63 | $26,946.37 |
| **Living Expenses** | | $24,000.00 |
| **Total:** | $26,946.37- $24,000.00 | $2,946.37 |